UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:

SAMUEL OSUJI,

             Debtor.

Chapter 7
Case No.: 15-75534-AST

------------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE, FOR THE GSAMP TRUST
2006-NC1 MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-NC1
and DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR INDYMAC
INDX MORTGAGE LOAN TRUST 2007-AR1
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2007-AR1,

             Plaintiffs,

  -against-

SAMUEL OSUJI,
ASSET ALLOCATION SERVICES, L.L.C.,
N CITY CORP., BUILDERS INC.,
AYHAZA MANAGEMENT GROUP LLC,
CHIMA WILLIAMS, FIDELIS MGBEAHURU,
and JOHN DOES 1 THROUGH 10,

             Defendants.

Adv. Pro. No.: 17-08248-AST

------------------------------------------------------------x

## ORDER DENYING MOTIONS TO QUASH

*Background*

On December 30, 2015, the above-captioned debtor, Samuel Osuji (the "Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Petition"). Kenneth Kirschenbaum was appointed the chapter 7 trustee (the "Trustee"). At the time of filing for bankruptcy relief, Debtor claimed interests in various properties, including those made the subject of this adversary proceeding. Debtor's claims have generated significant litigation before

this Court and the District Court on appeal. *See e.g. Osuji v. Fannie Mae (In re Osuji)*, No. 16-CV-5018 (JFB), 2017 U.S. Dist. LEXIS 110682 (E.D.N.Y. July 17, 2017); *In re Osuji*, No. 8-15-75534-AST, 2017 WL 4535850 (Bankr. E.D.N.Y. Oct. 10, 2017) (Order granting relief from the automatic stay and overruling objection to claim); *In re Osuji*, No. 8-15-75534-AST, 2017 WL 1956845 (Bankr. E.D.N.Y. May 9, 2017)(Order granting relief from the automatic stay), *reconsideration denied sub nom. Osuji*, No. 15-75534-AST, 2017 WL 4542911 (Bankr. E.D.N.Y. Oct. 6, 2017).

On September 15, 2017, U.S. Bank, National Association, as Trustee for the GSAMP Trust 2006- NC1 Mortgage Pass-Through Certificates, Series 2006-NC1 ("U.S. Bank") and Deutsche Bank National Trust Company, as Trustee for Indymac INDX Mortgage Loan Trust 2007-AR1, Mortgage Pass-Through Certificates Series 2007-AR1 ("Deutsche Bank", and together with U.S. Bank, "Plaintiffs"), commenced the above-captioned adversary proceeding by filing a complaint (the "Complaint") against Samuel Osuji, Chima Williams, Fidelis Mgbeahuru (together the "Individual Defendants"), Asset Allocation Services, L.L.C., N City Corp., Builders Inc., Ayhaza Management Group LLC (together the "Corporate Defendants"), and John Does 1 through 10 (together along with the Individual Defendants and the Corporate Defendants, the "Defendants") seeking a declaratory judgment, *inter alia*, that Defendants caused certain assignments and satisfactions of mortgages to be recorded with the Clerk of Nassau county, in connection with certain real property located at (i) 126 William Street, Hempstead, NY 11550 (the "William Street Property"), and (ii) at 113 Lawrence Street, Uniondale, NY 11553 (the "Lawrence Street Property") and that such assignments and satisfactions were: (a) unauthorized, (b) fraudulent, (c) forged, (d) wrongfully and fraudulently recorded and, as a result, (e) null and void ab initio; and injunctive relief against Defendants. Plaintiffs also seek relief from the

automatic stay as to the William Street Property to file a notice of pendency with respect to the William Street property; while this Court has previously granted stay relief as to the Lawrence Street Property, it has not granted stay relief as to the William Street Property.

On September 18, 2017, the Clerk of the Court issued a summons in the above adversary proceeding. [dkt item 4] Plaintiffs filed a certificate of service of the summons. [dkt items 8, 11]

On September 15, 2017, Plaintiffs filed an ex parte motion for preliminary injunction and temporary restraints [dkt item 2] along with an ex parte application for an order shortening time for hearing with temporary restraints [dkt item 3] (the "Motion for Preliminary Injunction"), seeking among other things, an order enjoining Defendants from taking any further action with respect to the William Street Property and the Lawrence Street Property. On September 19, 2017, Plaintiffs filed a certificate of service of the Motion for Preliminary Injunction. [dkt item 5]

On September 19, 2017, Defendants filed an objection to the Motion for Preliminary Injunction (the "Objection to Preliminary Injunction"). [dkt item 6]

On September 21, 2017, Defendants filed a further objection to the Motion for Preliminary Injunction. [dkt item 7]

On September 28, 2017, Defendants filed a motion to extend time to respond to the Motion for Preliminary Injunction. [dkt item 10]

On October 10, 2017, Plaintiffs filed a reply in support of the Motion for Preliminary Injunction. [dkt item 12]

On October 13, 2017, Defendants filed a motion to extend time to respond to the Complaint. [dkt item 13]

On November 14, 2017, the Individual Defendants filed a motion to dismiss the Complaint, which includes among other things a request for an order of the Court abstaining from the above-captioned adversary proceeding and opposition to the Motion for Preliminary Injunction (the "Motion to Dismiss").  [dkt item 19]  Attached as exhibits to the Motion to Dismiss are, among other things, (i) a limited power of attorney between U.S. Bank and Ayhaza Management Group dated February 12, 2014 (the "Limited Power of Attorney") [dkt item 19-4]; (ii) an affidavit of Paul Gobin, Assistant Vice President of U.S. Bank, dated October 18, 2017 (the "Gobin Affidavit") [dkt item 19-8]; and (iii) an affidavit of Ronaldo Reyes, Vice President of Deutsche Bank, dated October 25, 2017 (the "Reyes Affidavit" and collectively the "Affidavits").

On November 15, 2017, the Corporate Defendants filed a motion to dismiss the Complaint.  [dkt item 20]

On November 15, 2017, Plaintiffs filed a letter that the Court has scheduled a hearing on the Motion for Preliminary Injunction for December 19, 2017 (the "Hearing"). [dkt item 21] Plaintiffs filed a certificate of service.  [dkt item 22]

On December 14, 2017, Plaintiffs filed a letter adjourning the Hearing to January 23, 2018.  [dkt item 24]

On January 8, 2018, Plaintiffs filed an opposition to the Motion to Dismiss (the "Opposition to Dismiss"), asserting, among other things, that the Limited Power of Attorney, the Gobin Affidavit, and the Reyes Affidavit are all forged documents submitted by Defendants in connection with the Motion to Dismiss.  [dkt item 26]

On January 8, 2018, the Individual Defendants filed a motion to quash (the "Motion to Quash") subpoenas issued by Plaintiffs (the "Subpoenas") that seek depositions of John G.

Richards II, Paul Gobin, and Ronaldo Reyes, scheduled for January 16, 2018 and January 17, 2018 in the states of where each reside and work - Mr. Gobin in Boston, Massachusetts; Mr. Reyes in Orange County, California; and Mr. Richards in Minneapolis, Minnesota (the "Depositions").  [dkt item 27]

On January 9, 2018, the Corporate Defendants filed a motion to quash subpoenas.  [dkt item 28]

On January 10, 2018, Plaintiffs filed an opposition to the Motion to Quash (the "Opposition to Quash") asserting among other things that the Affidavits are forged documents submitted to the Court by the Defendants, and that the transcripts of the Depositions will confirm the allegations in the Motion for Preliminary Injunction.  [dkt items 29, 30]

On January 10, 2018, the Defendants filed a reply to the Opposition to Quash.  [dkt items 31, 32]

*Discussion*

Pursuant to Federal Rule of Civil Procedure 26(d)(1), as made applicable by Bankruptcy Rule 7026, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order." Fed.R.Civ.P. 26(d)(1).  *N. Atl. Operating Co. v. Evergreen Distributors, LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013).  Courts in this circuit have applied a "'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *Digital Sin, Inc. v. Does 1–176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012) (quoting *Ayyash v. Bank Al–Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005)).  This reasonableness test "'requires the party seeking the discovery to prove that the requests are reasonable under the circumstances.'" *KeyBank, Nat. Ass'n v. Quality Payroll Sys., Inc.*, No. 06 Civ. 3013(JS)(AKT),

5

2006 WL 1720461, at *4 (E.D.N.Y. June 22, 2006) (quoting *Better Packages, Inc. v. Zheng*, No. 05 Civ. 4477(SRC), 2006 WL 1373055, at *2 (D.N.J. May 17, 2006)). Courts may find that there is good cause when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D.Cal. 2002).

In addition, Bankruptcy Rule 1001 directs that the rules "shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding."

Here, although the parties have not conferred pursuant to Rule 26(f), given the circumstances of the Complaint and the litigation that both Debtor, Defendants, and Plaintiffs have brought to this Court, Plaintiffs have met their burden for a grant of pre-conference discovery. Plaintiffs have also submitted evidence that may tend to support their assertions concerning the Affidavits submitted to the Court by Defendants, including Debtor, and now seek to depose the persons who purportedly executed and/or would have personal knowledge of the Affidavits; this evidence includes the declaration of John G. Richards II stating that the Limited Power of Attorney is forged and the declaration of Paul Gobin that the Gobin Affidavit is forged. Additionally, Plaintiffs have offered to limit the duration of these depositions and have arranged to allow Defendants' counsel to appear by video for the Depositions, which will not cause an undue burden on the Defendants' counsel.

Given the gravity of the allegations, this Court has determined that limited discovery is appropriate at this juncture.

*Conclusion*

After due deliberation and for good cause shown, it is hereby

**ORDERED**, that the Motion to Quash [dkt items 27, 28] is denied; and it is further

**ORDERED**, that Plaintiffs may proceed with the depositions of Paul Gobin and John G. Richards II on January 16, 2018; and it is further

**ORDERED**, that Plaintiffs may proceed with the deposition of Ronaldo Reyes on January 17, 2018; and it is further

**ORDERED**, that each deposition shall be limited to no longer than **two (2) hours** of question and answer time, one (1) hour for Plaintiffs and one (1) hour for Defendants, which time may be extended by the Court should the need arise based on any conduct during the examination which is outside the permissible scope of examination and/or objection as set out in Federal Rules 26, 30(a), (c), as incorporated by Bankruptcy Rules 7026, 7030; and it is further

**ORDERED**, that Plaintiffs and Defendants shall bring originals of all the signed affidavits they have submitted to the Court in connection with the Complaint, the Motion for Preliminary Injunction, and the Motions to Dismiss to the Hearing on January 23, 2018; and it is further

**ORDERED**, that the Court will **not** be taking live testimony at the Hearing on January 23, 2018.



Dated: January 11, 2018  
Central Islip, New York

Alan S. Trust  
**United States Bankruptcy Judge**