UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

                                       Chapter 7

SAMUEL OSUJI,                          Case No.: 15-75534-AST

                 Debtor.

-----------------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE, FOR THE GSAMP TRUST
2006-NC1 MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-NC1
and DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR INDYMAC
INDX MORTGAGE LOAN TRUST 2007-AR1
MORTGAGE PASS-THROUGH CERTIFICATES
SERIES 2007-AR1,

                 Plaintiffs,

     -against-                         Adv. Pro. No.: 17-08248-AST

SAMUEL OSUJI,
ASSET ALLOCATION SERVICES, L.L.C.,
N CITY CORP., BUILDERS INC.,
AYHAZA MANAGEMENT GROUP LLC,
CHIMA WILLIAMS, FIDELIS MGBEAHURU,
and JOHN DOES 1 THROUGH 10,

                 Defendants.

-----------------------------------------------------------------x

## ORDER TEMPORARILY STAYING PROCEEDINGS

*Background*

       On December 30, 2015, the above-captioned debtor, Samuel Osuji (the "Debtor") filed a

voluntary petition for relief under chapter 7 of the Bankruptcy Code (the "Petition").  Kenneth

Kirschenbaum was appointed the chapter 7 trustee (the "Trustee").  At or around the time of

filing for bankruptcy relief, Debtor claimed interests in various properties, two of which include

real property located at (i) 126 William Street, Hempstead, NY 11550 (the "William Street

Property"), and (ii) at 113 Lawrence Street, Uniondale, NY 11553 (the "Lawrence Street Property" and together, the "Properties"); these Properties are the subject of this adversary proceeding. Debtor has filed numerous and often duplicative pleadings seeking to establish rights against the Properties, as well as other properties, which have generated significant litigation before this Court and the District Court on appeal. This adversary proceeding, however, was brought by the alleged secured creditors of the Properties against Debtor and other defendants, alleging they have filed false and fraudulent documents before this Court and with governmental entities, and seeking injunctive and other relief. Plaintiffs also assert that Defendants have also filed false and fraudulent affidavits with this Court and have sought sanctions against Defendants. Because the issues concerning Plaintiffs' and Debtor's potential ownership and lien claims have as yet not been resolved, or if resolved such resolution has not been provided to this Court, this adversary proceeding will be temporarily stayed.

***The Lawrence Street Adversary Proceeding and Stay Relief Motion***

On March 30, 2016, acting *pro se*, Debtor commenced an adversary proceeding (the "Lawrence Street Adversary") against IndyMac Bank F.S.B. ("IndyMac") (the "Lawrence Street Complaint"), assigned adversary proceeding number 16-08045. [adv. pro. no.: 16-08045; dkt item 1]  In the Lawrence Street Complaint, Debtor alleges, *inter alia*, that IndyMac is not the holder of the note and mortgage that encumbers the Lawrence Street Property.

Additionally, Debtor alleges as follows: that on August 17, 2009, IndyMac commenced a state court foreclosure action against the Lawrence Street Property by filing an action against a purported prior owner of that property, a Fidelis Mgbeahuru, assigned state court index number 016475/2009 (the "2009 Mgbeahuru Case"), and that IndyMac did not revoke its notice of acceleration of the mortgage; however, Debtor did not allege that the 2009 Mgbeahuru Case was

closed or what its disposition was. Debtor further alleged: that on November 20, 2012,[1] Debtor

filed a state court action against Mr. Mgbeahuru to determine title to the Lawrence Street

Property, state court index number 014253/2012 (the "2012 Mgbeahuru Case"); that on March 7,

2014, the state court entered an order in favor of Debtor, vesting title to the Lawrence Street

Property in him free of any liens. Debtor does not allege that he joined IndyMac or any other

mortgagee of record in the 2012 Mgbeahuru Case. Thus, Debtor contends he acquired an

ownership interest in the Lawrence Street Property while the 2009 Mgbeahuru Case was pending

but chose not to intervene in the 2009 Mgbeahuru Case, and that the interest Debtor acquired

was after Mr. Mgbeahuru had already surrendered his interest in the Lawrence Street Property to

IndyMac as part of Mr. Mgbeahuru's bankruptcy.

On July 26, 2016, the Court entered an *Order to Show Cause* as to why the Court should

not abstain from hearing the Lawrence Street Adversary.  [adv. pro. no.: 16-08045; dkt item 19]

On February 2, 2017, the Court issued a *Decision and Order* abstaining from hearing the

Lawrence Street Adversary (the "Lawrence Street Order to Abstain").  [adv. pro. no.: 16-08045;

dkt item 29]  The Court determined, *inter alia*, that permissive abstention from the Lawrence

Street Adversary was warranted for the efficient administration of the estate, as the Trustee had

determined not to pursue any interest in the Lawrence Street Property, state law issues

predominate over bankruptcy related issues, and because there was a pending state court

proceeding related to the Lawrence Street Property; on January 26, 2018, this Court's abstention

decision was affirmed on appeal. *Osuji v. New Century Mortg. Corp. (In re Osuji)*, 564 B.R. 180

---

[1] The Court also notes that Debtor here also alleged in his IndyMac Complaint that on May 21, 2012, Mr. Mgbeahuru filed for chapter 7, under case no. 12-73271-reg, and that pursuant to 11 USC §§ 521 (a)(2)(A), 542(a), he surrendered the Lawrence Street Property to IndyMac in full satisfaction of the secured debt owed to IndyMac. In its Answer, Deutsche admitted that this property was surrendered by Mr. Mgbeahuru but to OneWest as successor to IndyMac.

(Bankr. E.D.N.Y. 2017)(permissively abstaining from three adversary proceedings), *aff'd sub nom.*, *Osuji v. HSBC Bank, U.S.A., Nat'l Ass'n*, 580 B.R. 605 (E.D.N.Y. 2018).

In the main bankruptcy case, on March 15, 2017, Deutsche Bank National Trust Company as Trustee for IndyMac INDX Mortgage Loan Trust 2007-AR1, Mortgage Pass-Through Certificates Series 2007-AR1 ("Deutsche"), filed a motion for relief from the automatic stay with respect to the Lawrence Street Property and scheduled a hearing for April 20, 2017 (the "Lawrence Street Stay Relief Motion"). [case no. 15-75534; dkt items 69, 70]

On April 20, 2017, the Court held a hearing on the Lawrence Street Stay Relief Motion. Deutsche appeared at the Hearing by counsel; Debtor appeared along with counsel. The Court held that it would grant stay relief.

On April 27, 2017, prior to an Order being entered, Debtor filed a motion to reconsider the Lawrence Street Stay Relief Motion (the "Lawrence Street Motion to Reconsider"). [case no. 15-75534; dkt item 82]

On May 10, 2017, the Court entered an Order dated May 9, 2017, granting Deutsche relief from the automatic stay as it relates to the Lawrence Street Property (the "Lawrence Street Stay Relief Order"). [case no. 15-75534; dkt item 85] The Lawrence Street Stay Relief Order states in part:

> The Court in abstaining from the [Lawrence Street] Adversary has already determined that Debtor's filing stayed a state court proceeding; to keep the stay in effect is inimical to the ability of the parties to receive a determination of who has what rights in the [Lawrence Street] Property. As this Court abstained in favor of the state court, clearly so that court could adjudicate the claims of Debtor and Deutsche, … were the stay to remain in effect, there would be no ability of the state court to adjudicate the very claims and assertions made by Debtor and by Deutsche.

*In re Osuji*, No. 8-15-75534-AST, 2017 WL 1956845, *4 (Bankr. E.D.N.Y. May 9, 2017), *reconsideration denied*, 2017 WL 4542911 (Bankr. E.D.N.Y. Oct. 6, 2017), *and aff'd sub nom. Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502 (E.D.N.Y. 2018).

The Court went on to state:

> However, "granting or denying a stay relief motion is not and should not be considered a determination of the ultimate enforceability or unenforceability of the note and lien at issue." *Escobar*, 457 B.R. at 236. Thus, whether Deutsche can ultimately prevail in a state foreclosure action and obtain a judgment of foreclosure is for the state courts to determine.

*Osuji*, 2017 WL 1956845, at *3 (citing *In re Escobar*, 457 B.R. 229, 236 (Bankr. E.D.N.Y. 2011)).

On May 23, 2017, Debtor filed his Notice of Appeal to District Court of the Lawrence Street Stay Relief Order.  [case no. 15-75534; dkt item 93]

On October 10, 2017, the Court entered an Order dated October 6, 2017, denying Debtor's Lawrence Street Motion to Reconsider.  [case no. 15-75534; dkt item 122]

On January 26, 2018, the District Court entered an order affirming the Lawrence Street Order to Abstain, finding this Court did not abuse its discretion in permissively abstaining from the adversary proceeding.  [adv. pro. no.: 16-08045; dkt item 45] *Osuji v. HSBC Bank, U.S.A., Nat'l Ass'n*, 580 B.R. 605 (E.D.N.Y. 2018).

On September 28, 2018, the District Court entered an order affirming the Lawrence Street Stay Relief Order.  [case no. 15-75534; dkt item 140] *Osuji v. Deutsche Bank, N.A.*, 589 B.R. 502 (E.D.N.Y. 2018).

***The Lawrence Street Claim Objection***

On May 10, 2017, Debtor filed a motion objecting to claim and seeking to avoid a lien held by IndyMac encumbering the Lawrence Street Property [case no. 15-75534; dkt item 86] as amended on May 15, 2017 [case no. 15-75534; dkt items 88, 90] (the "Lawrence Street Claim Objection"), in which he asserts, among other things, that the IndyMac lien encumbering the Lawrence Street Property should be disallowed and void pursuant to 11 U.S.C. §§ 506(d)(2), 502

because a proof of claim asserting the lien was not timely filed after the Trustee's Discovery of Assets.

On June 2, 2017, Deutsche filed an opposition to the Lawrence Street Claim Objection (the "Deutsche Opposition to the Lawrence Street Claim Objection"). [case no. 15-75534; dkt item 99] Deutsche asserts that, as a secured creditor, it was not required to file a claim in Debtor's case to preserve its lien against the Lawrence Street Property, the Lawrence Street Claim Objection is procedurally improper as it was not brought as an adversary proceeding pursuant to Bankruptcy Rule 7001, and it is duplicative of the Lawrence Street Adversary from which this Court had already abstained.

On June 20, 2017, Debtor filed an affirmation in further support of the Lawrence Street Claim Objection [case no. 15-75534; dkt item 106], asserting that due to Deutsche's failure to timely file a proof of claim its lien is extinguished as to the Lawrence Street Property ("Debtor's Affirmation in Support of the Lawrence Street Claim Objection").[2]

On September 18, 2017, Deutsche filed a sur-reply in support of the Deutsche Opposition to the Lawrence Street Claim Objection.[3] [case no. 15-75534; dkt item 120]

On January 17, 2018, the Court entered an Order overruling the Lawrence Street Claim Objection. [case no. 15-75534; dkt item 128]

***The William Street Adversary***

---

[2] Debtor improperly linked the affirmation in support to unrelated motions, through the Court's CM/ECF system, thus making it impossible to determine from the docket that the affirmation was related to the Lawrence Street Claim Objection.

[3] Deutsche asserts that certain documents filed in Debtor's Lawrence Street Claim Objection are fraudulent documents; these allegations are the subject of the adversary proceeding currently before the Court.

On January 29, 2016, acting *pro se*, Debtor commenced adversary proceeding 16-08017 (the "William Street Adversary") against New Century Mortgage Corporation ("New Century") and U.S. Bank National Association ("U.S. Bank" and collectively the "William Street Defendants" and the "William Street Complaint"). [adv. pro. no.: 16-08017; dkt item 1]  In the William Street Complaint, Debtor alleges, *inter alia*, that the William Street Defendants are not the holders of the note and mortgage that encumber the William Street Property.

In the William Street Complaint, Debtor alleges that in July 2007, U.S. Bank commenced a state court foreclosure action against the William Street Property by filing an action against a Chima Williams, state court index number 14623/2007 (the "2007 William Street Case"), but that the 2007 William Street Case was marked off the state court calendar for lack of prosecution on October 24, 2012.  Debtor further alleges that: on June 30, 2009, U.S. Bank commenced another foreclosure action against the William Street Property and Mr. Williams under state court index number 010399/2009 (the "2009 William Street Case"), which action was dismissed by the state court on March 27, 2015; that on August 2, 2013, he took ownership of the William Street Property from Mr. Williams through a bargain and sale deed; thus, Debtor alleges he acquired an ownership interest in the William Street Property while the 2009 William Street Case was pending but chose not to intervene in the 2009 William Street Case.  Debtor essentially seeks a determination that he alone holds an interest in the William Street Property and that the William Street Defendants do not have any interest in the William Street Property as such matters have been adversely determined against them in state court.

On July 26, 2016, the Court entered an Order to Show Cause as to why the Court should not abstain from hearing the William Street Adversary.  [adv. pro. no.: 16-08017; dkt item 9]

On February 2, 2017, the Court issued a *Decision and Order* abstaining from hearing the William Street Adversary ("William Street Order to Abstain").  [adv. pro. no.: 16-08017; dkt item 16]  The Court determined that permissive abstention from the William Street Adversary was warranted for the efficient administration of the estate, as the Trustee had determined not to pursue any interest in the William Street Property, state law issues predominate over bankruptcy related issues, and because there was a pending state court proceeding related to the William Street Property.  *Osuji v. New Century*, 564 B.R. at 181.

On February 13, 2017, Debtor filed his notice of appeal of the William Street Order to Abstain to the District Court. [adv. pro. no.: 16-08017; dkt item 17]

On January 26, 2018, the District Court entered an order affirming the William Street Order to Abstain, finding this Court did not abuse its discretion in permissively abstaining from the adversary proceeding.  [adv. pro. no.: 16-08017; dkt item 29] *Osuji v. HSBC Bank*, 580 B.R. 616.

### The William Street Claim Objection

On June 28, 2017, Debtor filed a motion seeking to avoid lien (the "William Street Claim Objection") [case no. 15-75534; dkt item 110], in which he asserts, among other things, that the U.S. Bank lien encumbering the William Street Property should be disallowed and void pursuant to 11 U.S.C. §§ 506(d)(2), 502 because a proof of claim was not timely filed by U.S. Bank after the Trustee's Discovery of Assets.

On July 10, 2017, U.S. Bank, National Association, as Trustee for the GSAMP Trust 2006-NC1, Mortgage Pass-Through Certificates, Series 2006-NC1 ("U.S. Bank") filed an opposition to the William Street Claim Objection (the "William Street Opposition").  [case no. 15-75534; dkt item 112]  U.S. Bank asserts that Debtor has failed to claim an interest in the

William Street Property in his amended schedules at docket item 87 and therefore lacks standing to challenge U.S. Bank's lien, that U.S. Bank was not required to file a claim in Debtor's case to preserve its lien against the William Street Property, the William Street Claim Objection is identical to the Lawrence Street Claim Objection, and the William Street Claim Objection is duplicative of the William Street Adversary, from which this Court had already abstained.

On July 20, 2017, Debtor filed an affidavit in further support of the William Street Claim Objection (the "William Street Support").  [case no. 15-75534; dkt item 114]

On September 18, 2017, U.S. Bank filed a sur-reply in response to the William Street Support [case no. 15-75534; dkt item 119], in which it asserts that in connection with the William Street Support, Debtor attached certain forged documents to the affidavit including (i) an assignment of mortgage dated April 14, 2014, which was recorded with the Nassau County Clerk on February 7, 2017, as Instrument Number 2017-00013783 purporting to assign the William Street Mortgage held by U.S. Bank to N City Corp.; and (ii) Satisfaction of Mortgage dated October 19, 2016 and recorded with the Nassau County Clerk on June 5, 2017, as Instrument Number 2017-00055652, corrected by Instrument Number 2017-00067685 dated July 12, 2017 signed by N City allegedly cancelling and discharging the William Street Mortgage.[4]

On January 17, 2018, the Court entered an Order overruling the William Street Claim Objection.  [case no. 15-75534; dkt item 128]

***This adversary proceeding***

On September 15, 2017, U.S. Bank and Deutsche (together, "Plaintiffs"), commenced this adversary proceeding by filing a complaint (the "Complaint") against Samuel Osuji, Chima

---

[4] On September 15, 2017, U.S. Bank commenced this adversary proceeding against Debtor, among others, in connection with the alleged forged documents.  [adv. pro. no. 17-08248-ast]

Williams, Fidelis Mgbeahuru (together the "Individual Defendants"), Asset Allocation Services, L.L.C., N City Corp., Builders Inc., Ayhaza Management Group LLC (together the "Corporate Defendants"), and John Does 1 through 10 (together along with the Individual Defendants and the Corporate Defendants, the "Defendants") seeking a declaratory judgment, *inter alia*, that Defendants caused certain assignments and satisfactions of mortgages to be recorded with the Clerk of Nassau county, in connection with the Properties which were: (a) unauthorized, (b) fraudulent, (c) forged, (d) wrongfully and fraudulently recorded and, as a result, (e) null and void ab initio.  Plaintiffs also seek injunctive relief against Defendants.

On September 18, 2017, the Clerk of the Court issued a summons in the above adversary proceeding.  [dkt item 4]  Plaintiffs filed a certificate of service of the summons.  [dkt items 8, 11]

On September 15, 2017, Plaintiffs filed an ex parte motion for preliminary injunction and temporary restraints [dkt item 2] along with an ex parte application for an order shortening time for hearing with temporary restraints [dkt item 3] (the "Motion for Preliminary Injunction"), seeking among other things, an order enjoining Defendants from taking any further action with respect to the William Street Property and the Lawrence Street Property.  On September 19, 2017, Plaintiffs filed a certificate of service of the Motion for Preliminary Injunction.  [dkt item 5]

On September 19, 2017, the Individual Defendants filed an objection to the Motion for Preliminary Injunction (the "Objection to Preliminary Injunction").  [dkt item 6]

On September 21, 2017, the Individual Defendants filed a further objection to the Motion for Preliminary Injunction.  [dkt item 7]

On September 28, 2017, Defendants filed a motion to extend time to respond to the Motion for Preliminary Injunction.  [dkt item 10]

On October 10, 2017, Plaintiffs filed a reply in support of the Motion for Preliminary Injunction.  [dkt item 12]

On October 13, 2017, Defendants filed a motion to extend time to respond to the Complaint.  [dkt item 13]

On November 14, 2017, the Individual Defendants filed a motion to dismiss the Complaint, which includes among other things a request for an order of the Court abstaining from the above-captioned adversary proceeding and opposition to the Motion for Preliminary Injunction (the "Motion to Dismiss").  [dkt item 19]  Attached as exhibits to the Motion to Dismiss are, among other things, (i) a limited power of attorney between U.S. Bank and Ayhaza Management Group dated February 12, 2014 (the "Limited Power of Attorney") [dkt item 19-4]; (ii) an affidavit of Paul Gobin, Assistant Vice President of U.S. Bank, dated October 18, 2017 (the "Gobin Affidavit") [dkt item 19-8]; and (iii) an affidavit of Ronaldo Reyes, Vice President of Deutsche Bank, dated October 25, 2017 [dkt item 19-9] (the "Reyes Affidavit" and collectively the "Affidavits").

On November 15, 2017, the Corporate Defendants filed a motion to dismiss the Complaint.  [dkt item 20]

On November 15, 2017, Plaintiffs filed a letter that the Court scheduled a hearing on the Motion for Preliminary Injunction for December 19, 2017 (the "Hearing"). [dkt item 21] Plaintiffs filed a certificate of service.  [dkt item 22]

On December 14, 2017, Plaintiffs filed a letter adjourning the Hearing to January 23, 2018.  [dkt item 24]

On January 8, 2018, Plaintiffs filed an opposition to the Motion to Dismiss (the "Opposition to Dismiss"), asserting, among other things, that the Limited Power of Attorney, the Gobin Affidavit, and the Reyes Affidavit are all forged documents submitted by Defendants in connection with the Motion to Dismiss.  [dkt item 26]

On January 8, 2018, the Individual Defendants filed a motion to quash (the "Motion to Quash") subpoenas issued by Plaintiffs (the "Subpoenas") that seek depositions of John G. Richards II, Paul Gobin, and Ronaldo Reyes, scheduled for January 16, 2018 and January 17, 2018 in the states of where each reside and work - Mr. Gobin in Boston, Massachusetts; Mr. Reyes in Orange County, California; and Mr. Richards in Minneapolis, Minnesota (the "Depositions").  [dkt item 27]

On January 9, 2018, the Corporate Defendants filed a motion to quash subpoenas.  [dkt item 28]

On January 10, 2018, Plaintiffs filed an opposition to the Motion to Quash (the "Opposition to Quash") asserting among other things that the Affidavits are forged documents submitted to the Court by the Defendants, and that the transcripts of the Depositions will confirm the allegations in the Motion for Preliminary Injunction.  [dkt items 29, 30]

On January 10, 2018, the Defendants filed a reply to the Opposition to Quash.  [dkt items 31, 32]

On January 11, 2018, this Court entered an Order Denying Motions to Quash. [dkt item 33]

On January 23, 2018, the Court held the Hearing, at which Counsel for the Individual Defendants, the Corporate Defendants, Debtor, and Plaintiffs appeared.  Given that the Court had already abstained from making determinations as to the ownership of and liens against the

Properties, the Court determined to the lift the automatic stay, to the extent not already done so, as to both the William Street Property and the Lawrence Street Property, for all purposes to allow the parties to proceed in state court to seek a determination regarding the ultimate ownership of and liens against the Properties.

On January 30, 2018, this Court entered two Orders granting relief from the automatic stay with respect to the Properties so that all issues related to these Properties could be fully adjudicated before the state court. [dkt items 38, 39]

On March 9, 2018, Plaintiffs filed a motion to withdraw the reference of this adversary proceeding to the federal district court (the "Withdrawal Motion") [dkt item 45], as well as a motion seeking sanctions against one or more of the Defendants (the "Sanctions Motion"). [dkt item 48]

Defendants have filed pleadings denominated "Cross-Motion of Defendants for Summary Judgment" [dkt item 55] and "Further Response to Plaintiff's Motion for Sanctions, and in Support of Defendants' Cross-Motion for Summary Judgment." [dkt item 57]

The Withdrawal Motion is pending with the U.S. District Court for the Eastern District of New York under Civil Action 2:18-mc-00821-JFB.

At the core of Plaintiffs' Sanctions Motion are the following claims:

This matter involves an Adversary Complaint filed by Plaintiffs for an Order declaring that certain assignments of mortgages and mortgage satisfactions, all of which were recorded with the Office of the Clerk of the County of Nassau, New York ("*Clerk*") and purport to terminate and extinguish each Plaintiff's interest in and lien on certain real property be stricken, because they are: (a) unauthorized, (b) fraudulent, (c) forged, (d) wrongfully and fraudulently recorded and, as a result, (e) null and void *ab initio*, thereby reinstating and/or declaring that each of Plaintiffs' mortgages and the liens created thereby are valid, enforceable liens on property and are unaffected by the alleged assignments and satisfactions ("*Complaint*").

* *

In response to the Complaint, Defendants filed Motions to Dismiss the Complaint (ECF Nos. 19, 20 and 23), including therewith numerous forged documents ("*Forged Documents*"), including, but not limited to:

a. An alleged Limited Power of Attorney between U.S. Bank National and AMG dated February 12, 2014.

b. An alleged affidavit of Paul Gobin as authorized signer of US Bank National Association dated October 18, 2017.

c. An alleged business search report from the Georgia Corporations Division dated October 25, 2017.

d. An alleged affidavit of Ronaldo Reyes as authorized signer of Deutsche Bank National Trust Company is dated October 25, 2017.

e. An alleged Limited Power of Attorney between Fannie Mae and N City signed on February 12, 2014 but purportedly notarized four years prior on February 12, 2010. ECF Nos. 19, 20 and 23.

Sanctions Motion para. 1, 4. (emphasis in original).

***Discussion***

Rule 1001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that "[t]hese rules shall be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding." FED. R. BANK. P. 1001. Bankruptcy Rule 5011(c) provides that the "filing of a motion for withdrawal of a case or proceeding or for abstention pursuant to 28 U.S.C. §1334(c) shall not stay the administration of the case or any proceeding therein before the bankruptcy judge except that the bankruptcy judge may stay, on such terms and conditions as are proper, proceedings pending disposition of the motion." FED. R. BANK. P. 5011(c). As the Supreme Court has observed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *In re S. Side House, LLC*, 470 B.R. 659, 684 (Bankr. E.D.N.Y. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L.Ed. 153 (1936)). "The law in this circuit is clear that a district court may stay federal proceedings to allow resolution of a similar cause of action pending in state court." *Knox v. Bank of New York*, 508 F. Supp. 2d 249,

251 (S.D.N.Y. 2007); *Van Wagner Enterprises, LLC v. Alexander Brown*, 367 F.Supp.2d 530, 531 (S.D.N.Y. 2005); *see also Giulini v. Blessing*, 654 F.2d 189, 193 (2d Cir. 1981) ("[A] federal court is not precluded, in the exercise of its discretion, from staying proceedings in the action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views.") (citations omitted).

Given the gravity of the allegations here, and to avoid any potential inconsistent rulings between this Court and the state courts concerning any documents or instruments filed with the Nassau County Clerk which Plaintiffs claim are fraudulent, and given that the Withdrawal Motion remains pending, and this Court has lifted the automatic stay as to the Properties to allow the parties to litigate in state court, this Court has determined that a limited stay of this adversary proceeding is appropriate at this juncture, with the parties required to report to this Court on developments before the state and federal courts.

*Conclusion*

After due deliberation and for good cause shown, it is hereby

**ORDERED**, that this adversary proceeding is temporarily stayed as follows:

1. On or before **April 29, 2019**, Plaintiffs and Defendants are to file a joint letter outlining the status of any state court litigation involving the Properties; the joint report shall include any dispositive orders or judgments of the state court which specifically address the right of Plaintiffs to conduct foreclosures and/or the documents filed with the Nassau County Clerk claimed by Plaintiffs to be fraudulent; the parties are to retain all drafts of any such joint letter in the event they are unable to agree on the content of a joint letter, in which case they shall file separate letters along with all drafts; Plaintiffs shall draft a proposed joint letter and send it to

Defendants on or before **April 15, 2019**; the letter need not be signed by or on behalf of any person or entity who has not made an appearance in this adversary proceeding before this Court but must be signed by all parties who have made an appearance on behalf of Plaintiffs and Defendants;

2. On or before **April 29, 2019**, the parties shall file a joint letter as to the status of the disposition of the Withdrawal Motion, utilizing the same protocol set out in paragraph 1 above; and it is further

**ORDERED**, that this adversary proceeding before this Court is stayed pending receipt of the above reports and further Order of this Court; and it is further

**ORDERED**, that Plaintiffs shall serve a copy of this Order on all Defendants in this adversary proceeding within three (3) days following entry of this Order, and shall file an affirmation of service within three (3) days thereafter.



**Dated: March 27, 2019**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**